607 A.2d 801

**COMMONWEALTH of Pennsylvania**

v.

**Lance B. CORNELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1992.

Filed May 15, 1992.

Harry F. White, II, Meadville, for appellant.

John M. Dawson, Dist. Atty., Meadville, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND and MONTGOMERY, JJ.

WIEAND, Judge:

The issue in this appeal is whether a vehicle which has been parked in a driveway, partially protruding into the roadway, is attended or unattended while the operator is saying good night to his girlfriend in a nearby house. After careful consideration, we conclude that the vehicle is unattended. Therefore, the driver of another vehicle which strikes and damages such a vehicle and fails to stop violates 75 Pa.C.S. § 3745 and not 75 Pa.C.S. § 3743.

On November 4, 1990, at or about 2:00 a.m., a vehicle being driven by Lance Cornell struck a truck which had been parked by James Householder in a driveway with a portion protruding into the roadway. The truck parked in the driveway was owned by the Coca Cola Bottling Company. It had been used by Householder, an employee of Coca Cola, to drop off a girlfriend at her home and had been parked, with engine running and parking lights on, while

Householder went into his girlfriend's house to say good night. When he and his girlfriend heard the crash, they obtained a flashlight and went outside. They found a vehicle which had collided with a neighboring house, but the driver was no longer on the scene.

Cornell was subsequently found and charged, inter alia, with leaving the scene of an accident with an "attended" vehicle in violation of 75 Pa.C.S. § 3743. The trial court found him guilty, concluding that "[a]ttended for this purpose is not synonymous with 'occupied' but means present and available to take care of the vehicle. When an operator leaves the lights on and is a short distance away in a house saying goodnight to a friend, that is at the outermost limit of the meaning of 'attended.'"

The provisions of 75 Pa.C.S. § 3743 are as follows:

§ 3743. **Accidents involving damage to attended vehicle or property**

(a) General rule.—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

(b) Penalty.—Any person violating this section is guilty of a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both.

A separate offense for failure to stop at the scene of an accident involving an unattended vehicle or property is defined at 75 Pa.C.S. § 3745. Where the other vehicle is unattended, the operator of the offending vehicle shall either locate the owner or operator of the damaged vehicle

and give him certain information or attach to the damaged vehicle a written notice giving such information.[1]

In the instant case, the operator of the Coca Cola vehicle was not present at the time of the accident; he was inside a nearby house. It follows that Cornell could not give him the information required by 75 Pa.C.S. § 3743 unless he first went in search for him and "located" him as required by 75 Pa.C.S. § 3745. On the face of the two sections, therefore, it would seem that Section 3745 and not 3743 was applicable to the circumstances of this case.

Nevertheless, we continue our inquiry by attempting to define an "attended" vehicle. As the trial court observed, and we agree, Section 3743 does not require that the damaged vehicle be driven or occupied. It must, however, be attended.

A vehicle is "unattended," according to Webster's Third New International Dictionary, if it is "lacking a guard, escort, caretaker or other watcher." To "attend" is to "look after: take charge of: watch over the working of." The vehicle in the instant case was not attended. No one was looking after it or watching over it. The operator was not present but in a nearby residence saying good night to a friend. As to the vehicle, there was neither guard, escort,

---

1. The provisions of 75 Pa.C.S. § 3745 are as follows:

**§ 3745. Accidents involving damage to unattended vehicle or property**

(a) General rule.—The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

(b) Penalty.—A violation of this section is a summary offense, punishable by a fine of not less than $50 nor more than $300 or imprisonment for not more than 90 days, or both.

caretaker or other watcher present. The vehicle, in short, was unattended. Thus, there was no one at the immediate scene, when the vehicle was damaged, to whom the information required by statute could be given. Under these circumstances, appellant was required by Section 3745 to "locate" the operator or owner of the damaged vehicle and give such operator or owner the required information or give such information in writing, attached securely in a conspicuous place to the damaged vehicle. When appellant failed to do so, he violated the requirements of 75 Pa.C.S. § 3745.

When the Commonwealth elected to prosecute appellant under 75 Pa.C.S. § 3743, it was unable to prove that the damaged vehicle had been attended. Because the Commonwealth failed to prove the violation which it had alleged, appellant's conviction was improper and must be set aside.

The judgment of sentence is reversed, and appellant is discharged.