J-S65028-18

2019 PA Super 35

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| MATTHEW JUSTIN ODOM | | |
| Appellant | | No. 617 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 16, 2018
In the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0001268-2017

BEFORE:  SHOGAN, STABILE, MCLAUGHLIN, JJ.

OPINION BY STABILE, J.:                    **FILED FEBRUARY 11, 2019**

Appellant Matthew Justin Odom appeals from the March 16, 2018 judgment of sentence entered in the Court of Common Pleas of Adams County ("trial court"), following his bench conviction for accidents involving damage to attended vehicle or property under Section 3743(a) of the Vehicle Code, 75 Pa.C.S.A. § 3743(a).  Upon review, we vacate the judgment of sentence.

The facts and procedural history of this case are undisputed.  Briefly, after Appellant was charged with the foregoing crime, he proceeded to a non-jury trial.

> Christal Keller testified that on June 18, 2017 around 10:00 a.m. she was present at a 24-hour coin operated laundromat located in McSherrystown Borough, Adams County, Pennsylvania.  Appellant was also present at the laundromat that morning.  While Ms. Keller and several other people were inside the commercial laundromat, Appellant left the premises and Ms. Keller almost immediately heard a loud bang and crashing, shattering glass.  As she turned, she saw a pole coming through the front plate glass window of the laundromat.  She also observed Appellant driving his motor vehicle.  Ms. Keller saw Appellant look back to the inside of the building when he saw the damage he had caused and drove away. In addition to Ms. Keller, at least two other patrons were present

inside the laundromat at the time of the incident. Following the crash, Ms. Keller walked to the window to look at the damage that had been caused. Appellant's car was still there at the time and Appellant was clearly the driver of the motor vehicle. [A]ppellant sat in his running motor vehicle for a few seconds, looked back at the pole and the people standing inside the broken, shattered window and drove away.

Thirty minutes later Appellant came back to the laundromat to move his clothes from the washer to a dryer and again left. At that time the awning pole that was struck by Appellant was still protruding through the front window of the laundromat.

Approximately thirty minutes later Appellant came back yet again, got his laundry from the dryer and left the premises in the same vehicle he was operating when he struck the awning. The undisputed testimony was that Appellant never talked to anyone inside the laundromat or made any communication concerning the accident. Appellant never left a note at the premises or provided any information to anyone about his identity and never provided any insurance or contact information. He never called the police. Appellant never checked on the wellbeing of the other patrons inside the building or offered any assistance or rendered any care.

The commercial coin operated 24-hour laundromat is owned by David Liberator who resides outside of Adams County. On the date in question, Mr. Liberator received a telephone call at his home in Cumberland County concerning an accident causing a pole to break through the front window of his laundromat. Neither Mr. Liberator nor any employee of the laundromat w[ere] present at the time of the accident. Testimony elicited on cross-examination of Mr. Liberator indicated that there was video surveillance both inside and outside of the laundromat.

Shortly after the incident, Sergeant Gary Baumgardner of the Conewago Township Police Department received a dispatch to the laundromat on Third Street in McSherrystown Borough, Conewago Township, Adams County. On arrival he saw a steel pole pushed through the front plate glass windows of the laundromat. Witnesses, including Ms. Keller, provided to Sergeant Baumgardner license plate information of the vehicle that caused the damage. The registration for the vehicle came back to the Appellant. Sergeant Baumgardner pulled a JNET photograph of Appellant which was used by patrons at the scene to specifically identify Appellant as the operator of the motor vehicle. Sergeant Baumgardner then went to Appellant's father's home in McSherrystown Borough in an effort to try to track down Appellant. Sergeant Baumgardner left his business card for the Appellant. Days later Appellant finally replied, leaving Sergeant Baumgardner's card with the Appellant's cellphone number on it at the Conewago Township Police Station.

Appellant left no contact information on the day of the accident. Law Enforcement Officers did not have an opportunity

to interview Appellant on the date of the accident as he fled the scene. According to Mr. Liberator his phone number and contact information is on the coin and change machine and lists three different contact numbers. Appellant never called any of the numbers to provide any contact information concerning his culpability in causing the damage despite the fact that the phone numbers were conspicuously posted immediately across from the area where Appellant was doing his laundry.

The undisputed testimony at trial was that Appellant was the operator of the motor vehicle which struck a steel awning pole, driving it through the front plate glass window of a commercial laundromat which was then occupied by at least three patrons. The undisputed testimony further revealed that Appellant never provided any information to any of the patrons present just feet away from the shattering plate glass window, never provided information to law enforcement officers, failed to remain at the window, never provided information to law enforcement officers, failed to remain at the scene following the accident and failed to use any of the posted emergency numbers to contact owners of the laundromat to notify them of the damage he caused or to provide information for their future reference.

Trial Court Opinion, 5/14/18, at 2-4. Following the bench trial, the trial court found Appellant guilty of, *inter alia*, accidents involving damage to attended vehicle or property under Section 3743(a) of the Vehicle Code,[1] and sentenced him to twelve months' probation.[2] Appellant timely appealed to this Court. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our review: "Does an unsupervised laundromat constitute 'attended' property within the meaning of [Section 3743(a)] where only customers were present at the time of the

---

[1] Although not relevant to the disposition of this appeal, the trial court also found Appellant guilty of failure to give information and render aid (75 Pa.C.S.A. § 3744(a)) and careless driving (75 Pa.C.S.A. § 3714(a)). The trial court, however, did not impose any additional penalties for these convictions.

[2] The trial court also directed Appellant to pay a $2,500.00 fine, court costs and $1,414.12 in restitution.

accident, and *not* the owner or employees of the property?"  Appellant's Brief at 4 (emphasis in original).

Section 3743 provides in relevant part:

**(a)  General rule.—**The driver of any vehicle involved in an accident resulting only in damage to a ***vehicle or other property*** which is driven or ***attended by any person*** shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S.A. § 3743(a) (emphasis added).

As Appellant notes, ***Commonwealth v. Cornell***, 607 A.2d 801 (Pa. Super. 1992) controls the outcome here.  There, the appellant's vehicle struck a truck that had been parked by James Householder in a driveway with a portion of the truck protruding into the roadway.  The truck, which the appellant's vehicle hit, was owned by Coca Cola Bottling Company.  Mr. Householder, as an employee of Coca Cola, used the truck to drop off his girlfriend at her home.  In so doing, Mr. Householder parked the truck in the driveway with the engine running and parking lights on, while he went into his girlfriend's house to see her off.  When he and his girlfriend heard the crash, they grabbed a flashlight and went outside.  They determined that a vehicle had collided with a neighboring house, but the driver was no longer at the scene.

Subsequently in ***Cornell*** the appellant was found and charged with, among other things, leaving the scene of an accident with an "attended"

vehicle in violation of Section 3743. The trial court found him guilty, concluding that

> [a]ttended for this purpose is **not synonymous with 'occupied'** but means present and available to take care of the vehicle. When an operator leaves the lights on and is a short distance away in a house saying goodnight to a friend, that is at the outermost limit of the meaning of 'attended.'

***Cornell***, 607 A.2d at 802 (emphasis added). On appeal, a panel of this Court reversed and vacated the trial court's decision. In so doing, we defined the term "attended," as referenced in Section 3743.

> As the trial court observed, and we agree, Section 3743 does not require that the damaged vehicle be driven or **occupied**. It must, however, be attended.
>
> A vehicle is "unattended," according to Webster's Third New International Dictionary, if it is "lacking a guard, escort, caretaker or other watcher." To "attend" is to "look after: take care of: watch over the working of."

***Id.*** at 803 (emphasis added). Applying the definition, we concluded that "[t]he vehicle in the instant case was not attended. No one was looking after it or watching over it. The operator was not present but in a nearby residence saying good night to a friend. As to the vehicle, there was neither guard, escort, caretaker or other watcher present."[3] ***Id.***

---

[3] We also observed in ***Cornell*** that Section 3745, instead of Section 3743, of the Vehicle Code was applicable. Section 3745 provides:

> The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there **either locate and notify** the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial

Here, consistent with **Cornell**, the 24-hour, coin-operated laundromat was not attended within the meaning of Section 3743(a) of the Vehicle Code when Appellant's vehicle backed into a pole, causing it to crash through the front window of the laundromat. As the trial testimony established, although it was occupied by three patrons, neither the owners nor any employees or agents of the owners were present at the laundromat at the time of the accident. It is not sufficient that a property is occupied for purposes of Section 3743(a). As explained in **Cornell**, the term "attended" under Section 3743(a) is not synonymous with occupied but means present and available to take care of the property. The laundromat here was not looked after, watched over or otherwise guarded by an owner, employee, or agent. As a result, we conclude that the trial court erred in finding Appellant guilty of violating Section 3743(a) of the Vehicle Code because the laundromat was not attended at the time of the accident.

Judgment of sentence vacated. Jurisdiction relinquished.

---

responsibility and the registration number of the vehicle being driven **or shall attach** securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department

75 Pa.C.S.A. § 3745(a) (emphasis added). We reasoned that Mr. Householder, as the operator of the Coca Cola truck, was not present at the time of the accident; he was inside a nearby house. As a result, we reasoned that the appellant could not have given him the information required by Section 3743 "unless he first went in search for him and 'located' him as required by" Section 3745. **Cornell**, 607 A.2d at 803.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019